# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   16CR1409-H |
| Plaintiff, | |
| v. | ORDER GRANTING JOINT REQUEST TO CONTINUE STATUS HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| HOOTAN MELAMED (1), | |
| Defendant. | |

The parties have jointly contacted the courtroom deputy to request a continuance of the status hearing currently scheduled for June 22, 2020. Good cause appearing, the Court GRANTS the parties' joint request to continue the status hearing. Accordingly, the status hearing set for June 22, 2020 is vacated and continued to August 24, 2020 at 2:00 p.m. The Court further GRANTS the parties' joint request to exclude time under the Speedy Trial Act from June 22, 2020 through August 24, 2020, pursuant to 18 USC §§ 3161(h) and 3174. The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act.

The President of the United States of America, the Governor of the State of California, and the Mayor of the City of San Diego have declared states of emergency in

response to the spread of the coronavirus ("COVID-19"). The Centers for Disease Control and Prevention and other public health authorities have advised the public to implement and practice social distancing. To protect public safety and prevent the spread of COVID-19, on March 17, 2020 the Chief Judge of the Southern District of California issued an order declaring a judicial emergency for a period of 30 days.  Chief Judge Larry A. Burns found that the period of suspension of criminal trials and other criminal proceedings implemented by its Order is excluded under the Speedy Trial Act, on the basis that the current COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The period of exclusion will be from March 17, 2020 to April 16, 2020 absent further order of the Chief Judge or that of any individual district judge. See Order of the Chief Judge No. 18 (S.D. Cal. March 17, 2020) (Burns, C.J.). The period of exclusion has been extended by subsequent orders of the Chief Judge. See Order of the Chief Judge No. 24 (S.D. Cal. April 15, 2020) (Burns, C.J.); Order of the Chief Judge No. 27 (S.D. Cal. May 15, 2020) (Burns, C.J.); Order of the Chief Judge No. 30 (S.D. Cal. June 11, 2020) (Burns, C.J.).

The Judicial Conference of the United States found that conditions due to the national emergency are materially affecting the functioning of the federal courts, and the Judicial Council of the Ninth Circuit certified that emergency conditions existing in the Southern District of California justify the temporary suspension of the 70-day period to bring the defendant to trial. In re Approval of the Judicial Emergency Declared in the S. Dist. of California, 955 F.3d 1135, 1136 (9th Cir. 2020) (Thomas, C.J.). Public health recommendations and restrictions have impacted the Court's ability to function as it usually does, to conduct in-person proceedings, and has impaired the availability of counsel, parties, and Court staff to be present in the courtroom.

Other federal district courts within the State of California have suspended jury trials in light the COVID-19 outbreak. See Amended General Order No. 20-08 (C.D. Cal. May 28, 2020) (Phillips, C.J.); General Order No. 618 (E.D. Cal. May 13, 2020) (Mueller, C.J.); General Order No. 72-3 (N.D. Cal. May 21, 2020) (Hamilton, C.J.). Additionally, state trial courts within the State of California have also suspended all jury trials for a period of 60

days due to the pending pandemic surrounding COVID-19. See Statewide Order of the Chief Justice of California (Judicial Council of California, March 23, 2020) (Cantil-Sakauye, C.J.); See also Statewide Order of the Chief Justice of California (Judicial Council of California, April 29, 2020) (Cantil-Sakauye, C.J.) (Extending the period of suspension of state court jury trials for an additional 30 days.).

The parties continue to exercise due diligence in the preparation of this case. Even beyond the period of judicial emergency, the current health emergency would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.

This case is an unusually complex prosecution, as contemplated by 18 U.S.C. § 3161(h)(7), in that it involves: (1) a criminal charge with multiple co-defendants and overt acts; (2) the evaluation of significant amounts of evidence; and (3) the involvement of multiple witnesses. Furthermore, counsel for both Defendant and the United States are addressing information that may implicate the legal and factual underpinnings of the case.

Taking into account the exercise of due diligence by the parties, the Court finds that that the nature of the charges and the current health emergency make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk

setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

Additionally, there are pending defense motions (Doc. No. 42) that require a hearing before the Court and the Court continues the pending motions to the August 24, 2020 hearing. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D). See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.)

In light of the foregoing reason, the Court orders that time be excluded from June 22, 2020 to August 24, 2020 under 18 USC §§ 3161(h) and 3174.

The Defendant is ordered to appear before the Court on August 24, 2020 at 2:00 p.m. and is to execute and file an acknowledgment of next court date by June 29, 2020.

IT IS SO ORDERED.

DATED: June 18, 2020    _____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE