ROBERT S. BREWER, JR.
United States Attorney
VALERIE H. CHU
Assistant U.S. Attorney
California State Bar No. 241709
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546- 6750
Attorneys for United States of America

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 18CR3058-BAS |
| Plaintiff, | ) ) ) | JOINT MOTION TO (1) CONTINUE MOTION HEARING AND TRIAL DATE; AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | ) ) ) | |
| HOOTAN MELAMED, | ) ) | |
| Defendant. | ) ) ) | Date: August 18, 2020 |

The captioned parties jointly move to continue the status hearing presently set for August 24, 2020 at 2:00 p.m. to September 28, 2020 at 2:00 p.m., and to exclude time between those dates under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7) and 3174. In support, the parties submit as follows:

**CHARGES AND PENDING MOTIONS**

1. On June 16, 2016, a federal grand jury returned a 14-count indictment charging the defendant in this case with conspiracy, honest services mail fraud, violations of the Travel Act, and criminal forfeiture, in connection with an alleged $34 million kickback and bribery scheme through which service providers paid bribes and kickbacks to doctors to write prescriptions for compound creams or make referrals for durable medical equipment, and then to submit them to specific pharmacies and companies to be filled.

2. The defendants made their initial appearances and were arraigned on the indictment in the Southern District of California on June 28, 2016. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from that date. Section 3161(h) excludes certain periods of time in calculating the 70 days.

3. On March 19, 2020, in light of the Chief Judge's March 17, 2020 Order suspending jury trials and other proceedings due to the present worldwide COVID-19 pandemic, the Court granted the parties' joint motion to vacate the motion hearing date and the trial date. On April 15, 2020, the Chief Judge issued Order number 24, which extended the judicial emergency for 30 days, and extended the suspension of jury trials and other proceedings. At the parties' joint request and pursuant to Chief Judge Order number 22 and 24, on June 18, 2020, the Court further continued the status hearing to August 24, 2020.

4. Section 3161(h)(7)(A) excludes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. Id.

5. Section 3174 provides a protocol for a district's Chief Judge to seek a suspension of time limits in the event that any district court is unable to comply with the time limits set forth in Section 3161(c).

**DECLARATION OF JUDICIAL EMERGENCY**

6. On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16, 2020. *See* "Order of the Chief Judge No. 18, Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (March 17, 2020)" (Chief Judge Order 18).

7. By its terms, Chief Judge Order 18 was imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until April 16, 2020. The Chief Judge extended the judicial emergency on April 15, 2020, for another 30 days (Chief Judge Order 24) and again on May 15, 2020 (Chief Judge Order 27), June 11, 2020 (Chief Judge Order 30), and July 13, 2020 (Chief Judge Order 33). The present order is set to expire on August 14, 2020.

8. The ends of justice amply justify excludable time in this case. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming two-week ends-of-justice continuance following Mt. St. Helens' eruption).

9. Failure to continue this case will likely make its completion impossible due to public-health risks. Given the restrictions imposed by current public-health concerns, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Trial preparation necessarily involves close indoor contact with witnesses, attorneys, and staff, inconsistent with the continuing advice from the Centers for Disease Control. Under these unusual and

emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Furthermore, defense counsel recently presented to the United States information that may raise challenges to the legal and factual underpinnings of the case, and parties need time to consider the information and its implication on this case.

11. Counsel for Defendant represents that he has discussed the need for this continuance with his client, and that Defendant agrees to and joins in the request for this continuance.

12. The parties therefore jointly move to continue the status hearing set for August 24, 2020 to September 28, 2020 at 2:30 p.m. and exclude time between those dates under the Speedy Trial Act. The parties agree the period of delay excluded is from August 24, 2020 to September 28, 2020, pursuant to Title 18, U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A), and 3174.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

s/Valerie H. Chu
VALERIE H. CHU
Assistant U.S. Attorney

s/ Steven Goldsobel with authorization)
STEVEN GOLDSOBEL
Counsel for Hootan Melamed