# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOOTAN MELAMED (1),<br><br>　　　　　Defendant. | Case No.  16CR1409-H<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Information and two Bills of Particulars in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant HOOTAN MELAMED ("Defendant"), pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and 28 U.S.C. § 2461, as properties involved in the violation of 18 U.S.C. §§ 371, Conspiracy to Commit Health Care Fraud, as charged in the Superseding Information; and

WHEREAS, on or about November 2, 2020, Defendant pled guilty before this Court to the one-count Superseding Information, which plea included consents to the Forfeiture Allegation of the Superseding Information, which included forfeiture of any property, real or personal, which constitutes or was derived from proceeds traceable to the violation, including the following:

　　　　(1)　$1,427,507.88 seized from accounts at 1st Century Bank; and

(2) Miscellaneous jewelry and watches valued at approximately $350,000, voluntarily turned over by Defendant; and

(3) $38,530.94 in U.S. Currency; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, 28 U.S.C. § 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant HOOTAN MELAMED in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) $1,427,507.88 total, seized from the following accounts at 1st Century Bank:

1st Century Bank Cashier's Check no. 20577 in the amount of $1,286,118.90 representing funds available in account xxxx11-445-9;

1st Century Bank Cashier's Check no. 20533 in the amount of $135,752.48 representing funds available in account xxxx11-445-9;

1st Century Bank Cashier's Check no. 20532 in the amount of $5,636.50, representing funds available in account xxxx11-471-5;

   (2) Miscellaneous jewelry and watches valued at approximately $350,000, voluntarily turned over by Defendant:

Rolex President Day-Date II men's platinum wristwatch with glacier Roman dial in case, Serial Number: O4C3P648;

Panerai Luminor 44mm men's titanium and stainless-steel automatic power reserve wristwatch in case, Serial Number: OP6766/BB1378683;

Hublot Big Bang King "Black Magic" men's ceramic and titanium automatic wristwatch in case, Serial Number: 879617;

Richard Mille Felipe Massa RM011 men's 18kt rose gold and titanium wristwatch in case, Serial Number: 097942;

Richard Mille Felipe Massa "Black Phantom" RM011 limited edition 32/50 men's titanium wristwatch, Serial Number: 169044;

Cartier 18kt rose gold and diamond ladies "Love Bracelet" model #VC0973 with original box, screwdriver, and certificate of authenticity; and

   (3) $38,530.94 in U.S. Currency.

2. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of

the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: February 3, 2021

*[signature]*
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE