1  Steven M. Goldsobel (State Bar No. 166405)
   Law Offices of Steven Goldsobel,
2  A Professional Corporation
   1901 Avenue of the Stars, Suite 1750
3  Los Angeles, CA 90067
   Tel: (310) 552-4848
4  Fax: (310) 695-3860
   Email: steve@sgoldsobel.com

5  Lilly Ann Sanchez
   LS Law Firm
6  Four Seasons Tower – Suite 1200
   1441 Brickell Avenue
7  Miami, Florida 33131

8  Attorneys for Defendant
   HOOTAN MELAMED
9

10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16CR1409H |
|---|---|
| Plaintiff, | **DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR AMENDMENT TO JUDGMENT RE DESIGNATION RECOMMENDATION; DECLARATION OF STEVEN GOLDSOBEL AND EXHIBIT IN SUPPORT THEREOF** |
| v. | |
| HOOTAN MELAMED, | |
| Defendant. | |

Defendant Hootan Melamed, by and through undersigned counsel, respectfully requests that the Court amend the Judgment in a Criminal Case ("Judgment"), which was entered on March 29, 2021.  Exhibit 1 to the Declaration of Steven Goldsobel.  In the Judgment, the Court sentenced Defendant to six months' imprisonment.  In doing so, the Court recommended that the Bureau of Prisons ("BOP") place Defendant "near Los Angeles, CA."  Judgment at p. 2.  By this motion, Defendant respectfully requests that the Court amend the Judgment to recommend that the BOP designate Defendant to serve his sentence at "the minimum-security camp at USP Lompoc (otherwise known as the Satellite Camp, "SCP Lompoc")."

At Defendant's sentencing hearing, the Court inquired whether Defendant would like the Court to make a designation recommendation.  Goldsobel Decl. ¶ 3.  In response, the Defendant requested the opportunity to consider potential designations and request a designation at a later date.  *Id.*  The Court stated that Defendant should contact the government with its recommendation and then move the Court for the requested designation.  *Id.*

The Defendant now requests that he be designated to the minimum-security camp at USP Lompoc (otherwise SCP Lompoc).  As directed by the Court, undersigned counsel contacted Assistant U.S. Attorney Valerie Chu with Defendant's requested designation.  *Id. at* ¶ 4.  Ms. Chu stated that the government consents to Defendant filing an unopposed motion for the requested designation to the camp at Lompoc.  *Id*.

Accordingly, Defendant respectfully requests that the Court amend the Judgment to replace "placement near Los Angeles, CA" with **"placement at the minimum-security camp at USP Lompoc (otherwise known as the Satellite Camp "SCP Lompoc")."**

Dated:  April 9, 2021

Respectfully submitted,
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION

*/s/ Steven M. Goldsobel*
Steven M. Goldsobel

DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR AMENDMENT TO JUDGMENT RE DESIGNATION RECOMMENDATION; DECLARATION OF STEVEN GOLDSOBEL AND EXHIBIT IN SUPPORT THEREOF

**DECLARATION OF STEVEN GOLDSOBEL**

I, Steven Goldsobel, declare as follows:

1.      I am an attorney with the Law Offices of Steven Goldsobel, A Professional Corporation.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify competently thereto under oath.

2.      Attached hereto as Exhibit 1 is a copy of the Judgment in a Criminal Case which was entered on March 29, 2021.

3.      At Defendant's sentencing hearing, the Court inquired whether Defendant would like the Court to make a designation recommendation.  In response, the Defendant requested the opportunity to consider potential designations and request a designation at a later date. The Court stated that Defendant should contact the government with its recommendation and then move the Court for the requested designation.

4.      The Defendant now requests that he be designated to the minimum-security camp at USP Lompoc (otherwise SCP Lompoc).  As directed by the Court, I contacted Assistant U.S. Attorney Valerie Chu with Defendant's requested designation.  Ms. Chu stated that the government consents to Defendant filing an unopposed motion for the requested designation to the camp at Lompoc.

5.      Defendant respectfully requests that the Court amend the Judgment to replace "placement near Los Angeles, CA" with "placement at the minimum-security camp at USP Lompoc (otherwise known as the Satellite Camp "SCP Lompoc")."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of April 2021, at Los Angeles, California.


                                        /s/ Steven M. Goldsobel
                                        Steven M. Goldsobel

-2-

# EXHIBIT 1

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| HOOTAN MELAMED (1) | Case Number:  16CR1409-H |

Steven M. Goldsobel and Lilly Ann Sanchez
Defendant's Attorney

**Registration Number:** 17576-112

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Superseding Information.

☐ was found guilty on count(s) _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 371, 1347 | CONSPIRACY TO COMMIT HEALTH CARE FRAUD | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  remaining _____ are dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ Fine waived      ☒ Forfeiture pursuant to order filed on February 3, 2021, included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 29, 2021
Date of Imposition of Sentence

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: HOOTAN MELAMED (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: 16CR1409-H | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
6 MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends placement near Los Angeles, CA.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M.     on _____

    ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ on or before Friday, October 1, 2021 by 12:00 p.m.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

16CR1409-H

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | HOOTAN MELAMED (1) | Judgment - Page **3** of **5** |
|---|---|---|
| CASE NUMBER: | 16CR1409-H | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 YEARS.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

16CR1409-H

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | HOOTAN MELAMED (1) | Judgment - Page 4 of 5 |
| CASE NUMBER: | 16CR1409-H | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

16CR1409-H

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | HOOTAN MELAMED (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 16CR1409-H | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that imposed by the Court.

7. Not engage in the employment as a medical or pharmaceutical sales representative or in the healthcare sales field, unless given permission by the probation officer.

8. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 6 months. (Punitive Placement)

//
//
//

16CR1409-H

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1750, Los Angeles, CA  90067.  On April 9, 2021 I served the foregoing document described as:

**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR AMENDMENT TO JUDGMENT RE DESIGNATION RECOMMENDATION; DECLARATION OF STEVEN GOLDSOBEL AND EXHIBIT IN SUPPORT THEREOF**

on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

> Valerie Chu
> U S Attorneys Office Southern
> District of California
> Criminal Division
> 880 Front Street, Room 6293
> San Diego, CA 92101
> 619-546-6750 p
> 619-546-0450 f
> Valerie.Chu@usdoj.gov
> *Attorney for USA*

**[X]     BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:**
Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the respective e-mail addresses of the parties.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 9, 2021, at Los Angeles, California.

*/s/ Samantha Carranza*
Samantha Carranza

-3-
**DEFENDANT HOOTAN MELAMED'S UNOPPOSED MOTION FOR AMENDMENT TO JUDGMENT RE DESIGNATION RECOMMENDATION; DECLARATION OF STEVEN GOLDSOBEL AND EXHIBIT IN SUPPORT THEREOF**